968 F.2d 1223
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George R. WEDERSKI, d/b/a Golly George's Plumbing, Plaintiff-Appellant,
v.
STATE OF ARIZONA; Rose Mofford, Governor, et al.,
Defendants-Appellees.
 No. 91-16128.
 United States Court of Appeals, Ninth Circuit.
 July 1, 1992.
 
 Before FLETCHER, LEAVY and THOMAS G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George R. Wederski appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action pursuant to Fed.R.Civ.P. 12(b)(1) for lack of jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and affirm.
 
 
 3
 Wederski contends that the previous Governor of Arizona and other officials of the Arizona Department of Revenue violated his due process rights when they levied on his bank account to collect $330.86 to satisfy an unpaid state tax liability. He seeks compensatory and punitive damages.
 
 
 4
 In Fair Assessment v. McNary, the Supreme Court held that principles of comity together with 28 U.S.C. § 1341 prohibit federal courts from hearing actions challenging the constitutionality of state tax laws if adequate remedies exist in the state courts.[1] 454 U.S. 100, 116 (1981); see also Ashton v. Cory, 780 F.2d 816, 823 (9th Cir.1986). Thus, taxpayers must seek protection of their federal rights by state remedies, provided that those remedies are "plain, speedy and complete." McNary, 454 U.S. at 116.
 
 
 5
 The Arizona Supreme Court has expressly held that a plaintiff may assert a 42 U.S.C. § 1983 claim in the Arizona courts. See New Times Inc. v. Arizona Bd. of Regents, 110 Ariz. 367, 519 P.2d 169, 176 (1974). Therefore, Wederski has a plain, speedy and complete state remedy in which he can adjudicate his section 1983 action challenging the Arizona state tax. Accordingly, the district court properly concluded that it lacked jurisdiction to consider the matter. See McNary, 454 U.S. at 116; Ashton, 780 F.2d at 823; 28 U.S.C. § 1341.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 28 U.S.C. § 1341 states that: [t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State